```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

PHILIP R. BOARDMAN,

       Plaintiff

v.                                  Civil Action No.: 2:04-0895

JO ANNE BARNHART,
Commissioner of
Social Security,

       Defendant

## MEMORANDUM ORDER

This matter is before the court pursuant to Rule 72(b) of the Federal Rules of Civil Procedure on plaintiff's objections to the proposed Findings and Recommendation of United States Magistrate Judge Mary E. Stanley, entered August 31, 2005.

I.

Plaintiff Philip R. Boardman, now 49, filed his application for supplemental security income and disability insurance benefits on April 23, 2002, alleging disability as of January 1, 1995, due to impairments of the back, left knee and left elbow. A hearing was conducted on plaintiff's claim on November 14, 2003, subsequent to which the administrative law judge ("ALJ") issued a decision dated December 4, 2003, finding

that plaintiff was not entitled to benefits.  The decision became final on July 30, 2004, after the Appeals Council denied plaintiff's request for review.

On August 18, 2004, plaintiff filed this action seeking judicial review of the administrative decision pursuant to 42 U.S.C.A. § 405(g).  The sole issue before the court is whether the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying plaintiff's claim for benefits is supported by substantial evidence.  <u>See</u> 45 U.S.C.A. § 405(g); <u>Craig v. Chater</u>, 76 F.3d 585, 589 (4th Cir. 1996).  The magistrate judge, in her findings and recommendation, concluded that the ALJ's decision was supported by substantial evidence, and recommended that the Commissioner's decision denying plaintiff benefits be affirmed.

Plaintiff filed his objections thereto on September 8, 2005, contending that the magistrate judge incorrectly determined that: (1) the ALJ properly relied on the testimony of the vocational expert regarding the number of jobs available to plaintiff with a "sit-stand" accommodation (Obj. at 1); and (2) any error in the ALJ's analysis of plaintiff's substance abuse was harmless (Obj. at 2-4).

II.

Having reviewed the record de novo, the court concludes that each of the areas of objection were addressed at length by the magistrate judge, who found that substantial evidence supported the finding that plaintiff's back, left knee and left elbow impairments are not disabling.  Specifically, plaintiff has the residual functional capacity to perform light work, reduced by nonexertional limitations as specified by the ALJ.  (See Tr. at 17-19.)

Plaintiff first appears to argue that the magistrate judge did not address that which is the "primary thrust" of his argument: that the vocational expert depended on unreliable and unsubstantiated evidence when testifying as to the number of jobs within plaintiff's abilities, especially with regard to the "sit-stand option" required for plaintiff.  (Obj. at 1.)  The magistrate judge, in determining that the vocational expert's opinion did not, as plaintiff contends, conflict with the Dictionary of Occupational Titles, noted that the DOT in listing those jobs "does not classify with consideration given to a sit/stand option."  (PFR at 14.)  Rather, the vocational expert sharply reduced the number of positions available to the claimant

3

by 75% because of the lack of documentation showing the availability of the sit-stand option for the jobs identified. (TR. at 260.)  This finding was based on the expert's having relied on her "training, and experience, and observation of jobs over the years."  She further testified that "because there are no studies or information other than anecdotal evidence, 'to be completely fair,' she 'cut the numbers drastically'" when evaluating jobs available to plaintiff.  (PFR at 15.)  The jobs that she identified that plaintiff could perform included those of a cashier working in a booth setting, including parking lot attendant, building cashier, self-service gas station cashier, toll collector, and ticket seller.[1]  (Tr. at 260.)  The vocational expert's training, experience, and observation of jobs over the years formed a sufficient basis for her opinion.

Second, the plaintiff takes exception to the magistrate judge's recommendation on the ground that she "conduct[ed her]

---

[1]     Because "[u]nskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will," the Social Security Administration provides that "[i]n cases of unusual limitation of ability to sit or stand, a [vocational expert] should be consulted to clarify the implications for the occupational base."  Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002) quoting Social Security Ruling 83-12.  No "special clarity" is required of the vocational expert's testimony, inasmuch as the agency's decisions need be based only on the "statutorily designated substantial evidence burden."  Walls, 296 F.3d at 291.

own analysis on the materiality of [plaintiff's] substance abuse and the severity of his mental impairments."[2] (Obj. at 2.) But it is not the case that the magistrate judge began anew a survey of plaintiff's mental impairments. Rather, she noted that "the ALJ's decision makes clear that independent of substance abuse, [plaintiff's] mental impairments were not severe aside from his need for unskilled, entry level functions because of borderline intellectual functioning. . ." (PFR at 22.) The ALJ's grounds for the denial of plaintiff's claim for benefits are "clearly disclosed" and are based on substantial evidence, as fully explained by the magistrate judge.

### III.

For the reasons stated, and having reviewed the record de novo, the court adopts and incorporates herein the magistrate judge's proposed findings and recommendation in their entirety. It is ORDERED that plaintiff's motion for judgment on the pleadings be, and it hereby is, denied; defendant's motion for

---

[2] Together with this argument, plaintiff asserts that "a federal agency is obligated to abide by the regulations it promulgates." (Obj. at 3.) He does not, however, state with specificity which regulation or regulations that he believes the Commissioner or ALJ failed to follow.

5

judgment on the pleadings be, and it hereby is, granted; and the final decision of the Commissioner be, and it hereby is, affirmed.

The clerk is directed to forward copies of this written opinion and order to all counsel of record and the United States Magistrate Judge.

DATED: September 23, 2005

John T. Copenhaver, Jr.
United States District Judge